IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARMANDO MOYA, | ) <br> ) |
| Plaintiff, | ) Civil Action No. 23-cv-03322-LKG <br> ) |
| v. | ) May 1, 2024 <br> ) |
| HOME DEPOT U.S.A. INC., *et al.* | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION AND ORDER ON MOTION TO REMAND**

**Introduction**

Plaintiff, Armando Moya, has moved to remand this civil action to Circuit Court of Charles County, Maryland. ECF No. 14. Defendant Action Installers, Inc. ("Action Installers") opposes Plaintiff's motion for remand. ECF No. 18. Defendant Home Depot U.S.A., Inc. ("Home Depot") has taken no position on Plaintiff's motion, but it consents to the removal of this civil action. ECF No. 17. The motion to remand is fully briefed. ECF Nos. 14, 17, 18 and 20. No hearing is necessary to resolve the motion. L.R. 105.6. For the reasons that follow, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this matter to the Circuit Court of Charles County, Maryland.

**Factual Background And Procedural History**[1]

On July 31, 2023, Plaintiff commenced this negligence action against Defendants, Action Installers, Home Depot, Dereik Edwards and an unidentified Jane Doe, in the Circuit Court of Charles County, Maryland. ECF No. 2. In the complaint, Plaintiff alleges that, on August 27, 2022, Defendants failed to properly secure a large shelving unit at a Home Depot property located in Waldorf, Maryland, and failed to notify him that certain internal hooks in the pallet

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); Plaintiff's motion to remand; and Action Installer's, Inc.'s response in opposition thereto. ECF Nos. 1; 14 and 18.

racks located at the property were deficient, which proximately caused several commercial sized doors to fall on him while he was working at the property.  *Id*.  Plaintiff also alleges that, as a result of the Defendants' negligence, he suffered several injuries while he was a business invitee of the Defendants, including crushed legs, fractured vertebrae and head lacerations.  *Id*.

On September 14, 2023, Plaintiff served Home Depot with a copy of the complaint.  ECF No. 13 at Ex. 9; ECF No. 14 at ¶ 4.  Home Depot answered the complaint on November 14, 2023.  ECF No. 13 at Ex. 14; ECF No. 14 at ¶ 4.  On September 19, 2023, Plaintiff served a copy of the complaint on Registered Agents Inc., which it believed to be the registered agent in Maryland for Action Installers.  ECF No. 14-1.

The parties disagree about whether service on Action Installers was proper.  *See generally* ECF Nos. 14 and 18.  But it is undisputed that, on November 13, 2023, counsel for Action Installers agreed to accept service of the complaint on the company's behalf.  ECF No. 14 at 3-4; ECF No. 18 at 1.  Action Installers also acknowledges that it received a copy of the complaint from Home Depot on October 23, 2023.  ECF No. 18 at 1.

On December 7, 2023, Action Installers filed a notice of removal to this Court.  ECF No. 1.  In the notice of removal, Action Installers states that removal is appropriate, because: (1) this matter "arises out of a civil action under the laws of the United States;" (2) the action in state court is one over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a); and (3) the case is also removable under 28 U.S.C. § 1441, because the matter in controversy is alleged to exceed $75,000.  *Id.* at ¶ 11.

It is undisputed that Action Installers did not obtain the consent of the other Defendants in this matter before filing its notice of removal.  *See* ECF Nos. 14 and 18.  But, on February 6, 2024, Home Depot filed a line stating its consent to the removal of this case.  ECF No 17.

On January 5, 2024, Plaintiff filed a motion to remand.  ECF No. 14.  On February 1, 2024, Action Installers filed a response in opposition to Plaintiff's motion to remand . ECF No. 18.  On February 15, 2024, Plaintiff filed a reply brief.  ECF No. 20.

Plaintiff's motion to remand having been fully briefed, the Court resolves the pending motion to remand.

**Standards Of Decision**

A. **Removal Of State Court Civil Actions**

Under the general removal statue, 28 U.S.C.§1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." The burden of demonstrating the propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc*., 369 F.3d 811, 815 (4th Cir. 2004); *see also Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (noting that the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction."); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). In this regard, the Fourth Circuit has held that removal jurisdiction is strictly construed. *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). And so, "any doubts should be resolved in favor of state court jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Relevant here, 28 U.S.C. § 1446 sets forth the procedure for removing a civil action from state court to federal court. This statute provides, in relevant part, that:

> **§ 1446. Procedure for removal of civil actions**
>
> (a) Generally. — A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; Generally. —
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,

3

>or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
>(2)(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
>(2)(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446. And so, Congress has adopted a last-served rule, pursuant to which each defendant has 30 days from receipt or service of the complaint to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B); *see also, e.g.*, *Andrews v. Mississippi Farm Bureau Cas. Ins. Co.*, 187 F.Supp. 749, 755 (S.D. Miss. 2016).

## **Analysis**

Plaintiff has moved to remand this matter to the Circuit Court of Charles County, Maryland upon the grounds that: (1) Action Installers' notice of removal is untimely; (2) Action Installers lacks the legal capacity to remove this matter; (3) Action Installers has improperly engaged in a "snap removal[;]" and (4) Action Installer has not obtained the consent of all properly served defendants to remove this matter. ECF No. 14. Action Installers counters that the removal of this matter from State court was appropriate, because: (1) only the non-Maryland Defendants had been served when it filed the notice of removal; (2) it has obtained Home Depot's consent to the removal; and (3) Action Installers has the legal capacity to remove this matter under Maryland law. ECF No. 18. And so, Action Installers requests that the Court deny Plaintiff's motion to remand. *Id*.

For the reasons that follow, Action Installers' notice of removal is untimely under Section 1446. And so, the Court GRANTS Plaintiff's motion to remand and REMANDS this matter to the Circuit Court of Charles County, Maryland.

Plaintiffs persuasively argue that a remand of this civil action to the Circuit Court of Charles County is appropriate, because Action Installers' notice of removal is untimely. As the party seeking to remove this matter to federal court, Action Installers bears the burden of demonstrating the propriety of the removal. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004); *see also Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (noting that the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction."); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Relevant here, 28 U.S.C. § 1446, which sets forth the procedure for removing a civil action from State court to federal court, provides that:

> The notice of removal of a civil action or proceeding **shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,** or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.§1446(b) (emphasis supplied.). When, as is the case here, there are multiple defendants in a case, this statute also requires that all properly served and joined defendants join in or consent to the removal of the action and that each defendant has 30 days after receipt or service of the complaint to file a notice of removal. 28 U.S.C. § 1446(b)(2)(A) and (B). And so, Congress has adopted a last-served rule, pursuant to which each defendant has 30 days from receipt or service of the complaint to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B); *see also, e.g.*, *Andrews v. Mississippi Farm Bureau Cas. Ins. Co.*, 187 F.Supp. 749, 755 (S.D. Miss. 2016).

Applying these legal standards here, Action Installer's notice of removal is plainly untimely. It is undisputed that Defendant Home Depot was properly served with a copy of the complaint in this matter on September 14, 2023. ECF No. 13 at Ex. 9; ECF No. 14 at ¶ 4. While the parties disagree about when Action Installers was properly served with the complaint, Action Installers acknowledges that it received a copy of the complaint from Home Depot on October 23, 2023. ECF No. 18 at 1. Given this, there can be no genuine dispute that Action Installers had notice of Plaintiff's claims in this action on October 23, 2023, when it received a copy of the complaint.

Under Section 1446, Action Installers had 30 days from this date, up to and until November 22, 2023, to file a notice of removal. But Action Installers did not file its notice of removal until December 7, 2023. ECF Nos. 14 and 18. Given this, Action Installer's notice of removal is untimely.[2] And so, the Court agrees with Plaintiff that the removal of this civil action to federal court is improper under Section 1446.

## Conclusion

In sum, Action Installer's notice of removal in this civil action is untimely. And so, for the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's motion to remand (ECF No. 14); and

2. **REMANDS** this matter to the Circuit Court of Charles County, Maryland.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] Plaintiff also persuasively argues that Action Installers did not comply with the requirements of Section 1446, because Action Installers did not obtain Home Depot's consent to removal when it filed the notice of removal. Home Depot did not provide its consent to the removal of this action until February 6, 2024, two months after the filing of Action Installers' notice.